Smith, J.
*251 This action is brought by the plaintiff against the trustees of Columbia township and the treasurer of Hamilton county to enjoin the levy and collection of an assessment made upon property owned by her, situated on the southeast side of the Madison ville road in said township, which assessment is claimed by defendants to have been made under the provisions of an act of the General Assembly, passed April 15, 1892, (Yol. 89, 640), and in strict accordance therewith. The claim of the plaintiff is, that such assessment was not made in conformity with the said act, but on the contrary, its terms have not been complied with, and the amount assessed against her property is wholly illegal, or at least is much greater than it should have been.
The first section of the act authorizes the trustees of such township “to construct a sidewalk on the east side of the Madisonville road from its intersection with the north corporation line of the city of Cincinnati, to Oakley avenue, a distance of about six thousand feet, or along any part thereof.”
By section 2 it is provided that “ said side walk shall be constructed in the east side side of said Madisonville road, and of such material as said trustees shall determine; there shall be crossings on the intersecting streets which shall be constructed of two rows of flagstones laid parallel with each other.”
By section 2 it is provided that in the part of said road occupied by an electric railroad, the said trustees are hereby authorized to widen said part of said road by purchasing a strip ten feet in width along the east side thereof, for the purpose of obtaining the necessary width to construct said track. And it is further provided thereby that if they cannot agree with the owners thereof, that certain steps be taken to acquire such right.
Section 3 provided that two-thirds of the cost and expense of constructing said improvement, together with the interest on the bonds issued by the trustees for the same, shall be levied and assessed upon each front foot of the lots and lands abut *252 ting on the east side of such road between the points named in section one hereof, and one-third shall be levied and assessed upon each front foot of the lots and lands abutting on the west side of such road, between the points named in section one hereof, excepting intercepting streets upon both sides thereof. Said trustees are hereby authorized to construct a sidewalk upon the west side of said road when they shall deem it necessary, and make the assessment therefor in the same way as herein provided for the construction of the walk upon the east side of said road. Said assessment shall be a lien from the date of the assessment upon the respective lots or parcels of land to be assessed, “payable as therein provided.”
Section 4 provides that “for the purpose of raising money necessary to meet the expense of said improvement,” the trustees are authorized and directed to issue the bonds of the township, to an amount not exceeding $6,000.
The facts in the case as we understand them are substantially these. Acting under this statute, the trustees of the township determined to, and did construct a cement sidewalk for a part of the way along the east side of the Madisonville road, between the termini fixed by the statute, and which was so constructed along the entire front of the land in the name of the plaintiff on the east side of the road. As alleged, in the petition, this cement walk was but for a small part of the distance between the termini named. At the time of the filing of the original petition, no other side walk had been constructed between those points, and no steps had been taken looking towards the contraction thereof. But on the completion of the cement sidewalk and the laying of the stone crossings over the streets which it crossed, the trustees proceeded to make an assessment for the whole cost thereof, and of the crossings then constructed and for all of the cost of the advertising, attorneys’ fees, etc., and the whole amount of the charges for the services of the trustees themselves (which under the law was not to exceed $25 to each of them), and levied two-thirds thereof upon the lots and lands on the east side of the *253 road abutting on such cement sidewalk, and the other one-third on the lots and lands on the west side opposite to such sidewalk, the whole of the assessment made amounting to about $2,500.
After this was done, the plaintiff filed her petition to enjoin the same and prevent its collection, and by her supplementary petition subsequently filed avers that after the filing of her original petition, such trustees had proceeded to construct a plank sidewalk from Burch avenue to Erie avenue, on both sides of said Madisonville road, and had levied and assessed the cost thereof on the lots and lands abutting thereon, and this is not controverted.
The assessment so made upon the lands on the east side of the road, abuttting on such cement sidewalk, was about forty-eight cents per front foot, while that assessed upon the lots and lands abutting on the plank side-walk, was about twenty-two cents per front foot. It also appears that for a very considerable distance between the termini fixed by the statute, no sidewalk has been constructed, and it does not appear that any steps have been taken looking towards the construction of any sidewalk thereon.
On this state of fact the question arises, whether the whole or any part of the assessment made against the lands of the plaintiff is legal and valid, and this includes the construction to be placed upon this statute.
It appears to us that section 3, which attempts to point out the manner in which the assessment for this improvement is to be made, is not at all skillfully drawn, and if the language used as to this is to be taken literally, it would seem that the whole act would be invalid, for it provides that two-thirds of the whole cost and expense of constructing the improvement (on the east side, we suppose) shall be levied and assessed upon each front foot of the lots and lands abutting on the east side of such road, between the points named in thé first section, which would be absurd, and evidently could not have been the intent of the legislature, -as it *254 would be beyond its power to make any such provisions. What was intended doubtless was that two-thirds of such cost should be assessed on the lots and lands on the east side of the road, in proportion to the feet front. Again it is provided that the trustees were authorized also to construct a sidewalk on the west side of the road, and make the assessment therefor in the same way as herein provided for the construction of the walk upon the east side — that is, to charge two-thirds of the cost of this also on the lands on the east side, and but one-third on those on the west, which would be grossly unequal and unjust, and probably beyond the power of the legislature; but we think it may be presumed that it was the intention that on the construction of the sidewalk on the west side, that two-thirds of the cost should be assessed on the lands on that side, and but one-third on the other.
But in our view the principal question in the case is this: Whether on the construction of a cement sidewalk, say on the east side of the road, for a part of the distance only, the assessment therefor is to be placed entirely on the lands abutting thereon and those opposite thereto, or whether under the statute in question, the cost is to be assessed two-thirds on those on the east side for the whole district established, and one-third on those of the west side.
We think it clear that the legislature by this act has established and defined a taxing district, and pointed out the manner in which the assessment for the improvement contemplated shall be made. That it has the right to do. The statute, as we understand it, in effect provides that the cost of any improvement made under it is to be assessed upon all the lands within this district in proportion to the front feet therein, except that when the improvement is made on the east side, two-thirds of the cost is to be assessed on the lands on the east side, and one-third on those of the west, aud vice versa, and this, although, no sidewalks may yet have been constructed in front of some of the lands in the district. This may yet be *255 done, for we are of the opinion that the powers of the trustees are not exhausted by what has already been done.
Hollister & Hollister and Mr. Kinney, for plaintiff.
Wallace Burch and J. T. DeMar, contra.
The decision in Scoville v. The City of Cleveland, 1 Ohio St. 126, which is cited by counsel for defendant as being in opposition to tbe view we have expressed as to the mode of assessment, we think is not in point. , The assessment there made was under the provisions contained in the charter of the city, and differed widely and essentially from the authority conferred by this statute, and which must govern here. We hold then that the assessment as made in this case was not in accordance with the statute, and as to the plaintiff it will have to be modified.
So far as regards the land assessed in the name of the plaintiff, but which is occupied by the railroad company, under a grant for right-of-way thereon, which however still stands on the duplicate in the name of the plaintiff, we think it is subject to assessment. Who shall pay this assessment is a question between her and the railroad company. The amount of assessment which should be upon the lands of the plaintiff on the principle stated can perhaps be agreed upon by counsel.